Case 2:25-mc-00019-JAG    ECF No. 27    filed 07/30/25    PageID.2294    Page 1 of 13

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 30, 2025

SEAN F. McAVOY, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

*In re* Application for Discovery Pursuant to 28 U.S.C. § 1782

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:25-mc-00019-JAG

**STIPULATED PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. For clarity, the Parties to this Stipulated Protective Order are Applicant Water Street Capital, Inc. ("Water Street") and Respondents REC Capital ASA and its Affiliates, REC Advanced Silicon Materials LLC, REC Silicon Inc., REC Solar Grade Silicon LLC (collectively the "Parties" and each a "Party"). References to REC Silicon include its Affiliates. Respondents Jeffrey Johnson and William Kurtis Levens are also Parties to this Stipulated Protective Order.

This Protective Order does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle

STIPULATED PROTECTIVE ORDER - 1

Parties to file confidential information under seal.

2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (1) the Polysilicon Purchase Agreement and/or Supply Agreement between REC Solar Grade Silicon LLC and Hanwha Q Cells Georgia, Inc., and any amendments and notices thereto; and (2) REC Silicon's standards for testing polysilicon purity and any changes made to the purity standards during the time period of June 1, 2024 – December 31, 2024.. "Confidential" material may also include documents and communications which contain information and material disclosed or otherwise provided by any party to a contractual agreement with REC Silicon or its Affiliates which meets the definition of "Confidential Information" or its equivalent pursuant to such agreement.

3. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. Unless otherwise ordered by a federal court, a receiving party may use confidential material that is disclosed or produced in this Action by any person or party solely:

(a) in connection with Water Street Capital, Inc.'s contemplated litigation

STIPULATED PROTECTIVE ORDER - 2

in Norwegian Court against the Norwegian subsidiary of Hanwha Global, Anchor, and against certain board members of REC Silicon, as described in its application for an order permitting discovery pursuant to 28 U.S.C. § 1782 ("the Norway Litigation"), or

    (b)   in support of applications to obtain documents or testimony for use in the Norway Litigation. *See* ECF No. 1-1.

    4.2   <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the designating Party, a receiving party may disclose any confidential material only to:

    (a)   the receiving party's counsel of record in this Action and the Norway Litigation, as well as employees of counsel to whom it is reasonably necessary to disclose this information;

    (b)   the officers, directors, and employees (including in house counsel) of the receiving Party to whom disclosure is reasonably necessary to pursue the Norway Litigation, unless the Parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

    (c)   experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d)   the court, court personnel, and court reporters and their staff in this Action and the Norway Litigation;

    (e)   copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the Party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

    (f)   during their depositions, witnesses in the action to whom

STIPULATED PROTECTIVE ORDER - 3

disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

      (g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

      4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in the Norway Litigation or in pursuit of discovery to use in the Norway Litigation, the filing party shall confer with the designating Party to determine whether the designating Party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating Party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. The Parties agree to comply with the Court's applicable rules and procedures that must be followed when a Party seeks permission from the Court to file material under seal.

STIPULATED PROTECTIVE ORDER - 4

5. DESIGNATING PROTECTED MATERIAL

    5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies as "Confidential" under a contractual obligation to maintain confidentiality of such material or other applicable standards. The designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

    If it comes to a designating Party's attention that information or items that it designated for protection do not qualify for protection, the designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

    5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (*see, e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

    (a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating Party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a

portion or portions of the material on a page qualifies for protection, the producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the Parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a Party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating Party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable,

STIPULATED PROTECTIVE ORDER - 6

substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2    <u>Meet and Confer</u>. The Parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

      6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the designating Party may file and serve a motion to retain confidentiality under the Court's applicable Local Rules. The burden of persuasion in any such motion shall be on the designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All Parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels or authorizes disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

      (a)    notify the designating Party in writing within five (5) business

STIPULATED PROTECTIVE ORDER - 7

days and include a copy of the subpoena or court order;

  (b) within five (5) business days notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

  (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose confidential material may be affected.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving Party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing Party gives notice to receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The Parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

STIPULATED PROTECTIVE ORDER - 8

10. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving Party must return all confidential material to the producing Party, including all copies, extracts and summaries thereof. Alternatively, the Parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating Party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 3, 2025                     Respectfully submitted,

                                        */s/    Reed Brodsky*

                                        GIBSON, DUNN & CRUTCHER LLP
                                        Reed Brodsky (*pro hac vice*)
                                        David Salant (*pro hac vice*)
                                        Vanessa Ajagu (*pro hac vice*)
                                        200 Park Avenue
                                        New York, NY 10166-0193
                                        Telephone: (212) 351-3883
                                        Facsimile: (212) 351-5303

STIPULATED PROTECTIVE ORDER - 9

|     |     |
| --- | --- |
|     | /s/   Darin Sands |
|     | BRADLEY BERNSTEIN SANDS LLP<br>Darin Sands<br>Washington Bar No. 35865<br>dsands@bradleybernstein.com<br>2800 First Avenue, Suite 326<br>Seattle, Washington 98121<br>Telephone: 206-337-6551 |
|     | *Attorneys for Petitioner Water Street Capital, Inc.* |
| DATED: July 3, 2025 | FOX ROTHSCHILD LLP |
|     | *s/ Maureen L. Mitchell*<br>Maureen L. Mitchell, WSBA #30356 |
|     | *s/ Matthew J. Schenker*<br>Matthew J. Schenker, *pro hac vice pending* |
|     | Attorneys for REC Silicon ASA, REC Advanced Silicon Materials LLC, REC Silicon Inc., REC Solar Grade Silicon LLC, Jeffrey Johnson, and William Kurtis Levens |

STIPULATED PROTECTIVE ORDER - 10

Accordingly, and pursuant to the Stipulation, the Parties Stipulated Motion for protective order, **ECF No. 26**, is **GRANTED**. IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED July 30, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER - 11

EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON**

|  |  |
|---|---|
| *In re* Application for Discovery Pursuant to 28 U.S.C. § 1782 | Case No. 2:25-mc-00019-JAG<br><br>**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I, _____, state that:

1. My address is _____

2. My present employer is _____

3. My present occupation or job description is _____

4. I have received a copy of the Stipulated Protective Order entered in this case I have received a copy of the Stipulated Protective Order entered in this case on _____, and have carefully read and understand its contents and confidentiality requirements. I will not divulge any information, or documents containing information, designated as "Confidential" or "Confidential/Restricted" to any persons other than those specifically authorized by said Order to receive such information.

5. I consent to be subject to the jurisdiction and authority of this Court in the event of any violation of this agreement or any dispute related to this agreement, including any proceedings relating to contempt of Court.

STIPULATED PROTECTIVE ORDER - 12

DATED this _____ day of _____, 20___.

_____
*[Typed Name]*

STIPULATED PROTECTIVE ORDER - 13